Eastern District of Kentucky
**FILED**

**JUL 2 5 2007**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 06-144-JMH

KEITH STEPPE,                                                                                          PLAINTIFF

and

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY,                                          INTERVENING PLAINTIFF

V.

WILLIAM CLEVERDON, JR., ET AL.,                                                 DEFENDANTS

\* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

\* \* \* \* \* \* \* \* \*

### I. INTRODUCTION

This action arises out of a motor vehicle collision that occurred on or about February 2, 2006, at approximately 9:00 p.m., on or near the exit ramp at Versailles Road and New Circle Road, while both plaintiff's vehicle and defendants' vehicle, a semi-tractor trailer, were exiting the outer loop of New Circle Road onto the westbound lanes of Versailles Road in Lexington, Kentucky. The semi-tractor trailer being driven by defendant William Cleverdon, Jr. ("Cleverdon"), rear-ended plaintiff's vehicle.

On March 24, 2006, plaintiff Keith Steppe filed this action in Fayette Circuit Court, against defendants Cleverdon and his employer at that time, Chantler Transport, Inc. ("Chantler Transport"), alleging that Cleverdon, while acting within the course and scope of his employment as a commercial truck driver for defendant Chantler Transport, operated the semi-tractor trailer in a negligent manner without due care for the safety of others using the roadway, including plaintiff. Based on the allegation that Cleverdon was acting during the course and scope of his employment at the time of this motor vehicle collision, plaintiff also claims that the acts and omissions of defendant Cleverdon are imputed to his employer, Chantler Transport, under the theory of

*respondeat superior* liability.   Plaintiff also alleges that based on the *respondeat superior* relationship between defendants Cleverdon and Chantler Transport, Chantler Transport was negligent in its duty towards plaintiff, including its duty to supervise, train, instruct, and hire safe commercial truck drivers who obey laws, rules, and regulations pertaining to the safety of others using the roadways, including the plaintiff.

Plaintiff seeks compensatory damages for bodily injuries sustained in this motor vehicle collision, past and future pain and suffering, mental anguish and inconvenience, past medical expenses, medical expenses plaintiff is likely to incur in the future, lost wages, the permanent impairment of his ability to earn money in the future, pre-judgment and post-judgment interest, and his costs and expenses.

On May 10, 2006, defendants removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. § 1332, by reason of diversity of citizenship.

This matter is presently before the court on defendants' motion for a protective order to prohibit the taking of defendant Cleverdon's deposition in Lexington, Kentucky.   This motion has been fully briefed and is ripe for review.[1]

## II. DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

The subject motion results from the parties' inability to agree on the location of the deposition of defendant Cleverdon, who is a citizen and resident of Canada.[2]   Plaintiff noticed Cleverdon's deposition to be taken in Lexington, Kentucky, precipitating defendants' motion for a protective order.   For various reasons, including the expenses associated with coming to Lexington, Kentucky, defendants object to the taking of Cleverdon's deposition in Lexington, Kentucky. Defendants contend that if plaintiff wants to depose him, plaintiff is obligated to depose him in Canada and that he should not be required to come to Kentucky for this deposition.

---

[1]   Pursuant to numerical paragraph 1 of the district court's Scheduling Order entered herein on January 24, 2007, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #146].

[2] Defendant Chantler Transport, Inc., Mr. Cleverdon's employer at the time of the motor vehicle collision giving rise to this action, is a foreign corporation, domiciled in Canada.

In response, plaintiff counters that while Cleverdon is a Canadian citizen, Cleverdon was the driver of a semi-tractor truck that was involved in a motor vehicle collision in Fayette County, Kentucky, and that Cleverdon's employer at the time of this collision, Chantler Transport, which does business nationwide in the United States, has the financial resources at its disposal to cover the costs associated with the taking of this deposition in Kentucky. Plaintiff also represents that he has been unemployed since the occurrence of the motor vehicle collision in question and that he presently has limited resources available to bear the costs associated with taking Cleverdon's deposition in Canada. Plaintiff also submits that the court has discretion in determining where a deposition should be taken and that the equities in this particular case weigh in favor of taking this deposition in Lexington, Kentucky.

### Applicable Law

Pursuant to Federal Rule of Civil Procedure 26(c)(2), the court has broad discretion to alter the place of a noticed deposition. *Chris-Craft Industrial Products, Inc., v. Kuraray Company, Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999). "The Court should enter such a protective order only when good cause is shown." *Id.* The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business. *Id.* Similarly, the deposition of a non-resident defendant should be conducted at the defendant's place of residence. *Buzzeo v. Board of Education*, 178 F.R.D. 390, 392 (E.D. N.Y. 1998).

The purposes underlying these general rules create a presumption that there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence. *Chris-Craft Industrial Products, supra,* 184 F.R.D. at 607. This presumption is based on the premise that it is the plaintiff who brings the lawsuit and exercises the first choice of forum. *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005). Therefore, when a defendant objects to a deposition being taken at a place other than his place of residence, the objection should be sustained, unless there are unusual circumstances which justify such an inconvenience to the defendant. *Chris-Craft Industrial Products, supra,* 184 F.R.D. at 607.

3

## Discussion/Analysis

At the time of this motor vehicle collision, defendant Cleverdon was a citizen and resident of Ontario, Canada, and he is currently a citizen and resident of Ontario, Canada. Cleverdon resides at 29 Baltimore Road, Barrie, Ontario L4M 5M6, Canada. Additionally, at this time of this incident, Cleverdon was an employee of Chantler Transport, a Canadian corporation with its principal place of business in Ontario, Canada. Defendants advise that Cleverdon's employment with Chantler Transport was terminated in November of 2006, that Cleverdon is no longer a commercial truck driver, that he is currently employed by JTS Insulation, a company located in Barrie, Ontario, Canada, and that he now works in flooring and no longer travels throughout the United States.

In considering this matter, the Magistrate Judge is mindful of the general rule that the deposition of a non-resident defendant should be conducted at the defendant's place of residence. *Buzzeo v. Board of Education, supra.* As noted above, when a defendant objects to a deposition being taken at a place other than his place of residence, the objection should be sustained, unless there are unusual circumstances which justify such an inconvenience to the defendant. *Chris-Craft Industrial Products, supra,* 184 F.R.D. at 607.

As grounds for his argument that Cleverdon's deposition should take place in Lexington, Kentucky, rather than in Ontario, Canada, plaintiff contends that the general rule providing that the deposition of a non-resident defendant should be conducted at the defendant's place of residence is not applicable in this particular case because (1) plaintiff had no choice of forum in this matter and was forced to file this action in Kentucky, where the motor vehicle collision occurred, since Canada would have had no jurisdiction over this matter, and (2) Cleverdon has not shown that he would have to shoulder the financial burdens associated with taking his deposition in Lexington, Kentucky, since, in all likelihood, the expenses associated with this deposition would be borne by defendants' insurer. Plaintiff asserts that given the equities of the situation, Cleverdon, as well as defendant Chantler Transport, should be required to come to Kentucky for their depositions.

Both parties present good arguments in support of their respective positions. Although it may impose a burden on the plaintiff to travel to Canada to depose Cleverdon, the Magistrate Judge concludes that plaintiff has not overcome the general rule that the deposition of a non-resident

4

defendant should be conducted at the defendant's place of residence. *Buzzeo v. Board of Education*, *supra*. As noted in *Buzzeo*, "the plaintiff is generally required to 'bear any reasonable burdens of inconvenience that the action presents.'" *Gulf Union Ins. Co. v. M/V Lacerta*, 1992 WL 51532, at *5 (S.D.N.Y. March 9, 1992) (quoting *Federal Deposit Insurance co. v. La Antillana, S.A.*, 1990 WL 155727, at *1-2 (S.D.N.Y. Oct. 5, 1990).

The Magistrate Judge concludes that plaintiff being required to travel to Ontario, Canada, to take Cleverdon's deposition is not an unreasonable burden. The same conclusion was reached in a similar case, *Morin v. Nationwide Federal Credit Union*, *supra*, wherein the plaintiff sought to depose an officer of the defendant corporation in Connecticut. The defendant corporation's principal place of business was Columbus, Ohio. The defendants moved for a protective order, under Rule 26(c), changing the deposition location to Columbus, Ohio. The court noted that the plaintiff sought to have the depositions in Connecticut for valid, but unremarkable reasons, including the "additional expense for the plaintiffs, who are not in as good a position as the defendants to bear that expense." 229 F.R.D. at 363. The court also noted that both parties' attorneys were located in Connecticut, the state where plaintiff had noticed the deposition. Nevertheless, the court held that the protective order designating Columbus, Ohio, as the deposition location was granted. In reaching its decision, the court stated that the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents. *Id.* Furthermore, the court stated that although travel to Ohio would be costly and time-consuming, the plaintiffs failed to describe any peculiar reasons why the depositions should not take place at the defendant's principal place of business. *Id.* With the exception of the fact that the defendant in *Morin* was a corporation, rather than an individual, *Morin* is virtually on all fours with the situation in this action concerning the location of a defendant's deposition. The rationale of *Morin* is equally applicable to the present action.

For all of the foregoing reasons, the Magistrate Judge concludes that defendant Cleverdon has established "good cause" to obtain a protective order under Fed.R.Civ.P. 26(c) and that defendant has satisfied the presumption that his deposition should be taken in Ontario, Canada, where he resides, rather than in Lexington, Kentucky, as noticed by the plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Defendant Cleverdon's motion for a protective order to prohibit the taking of his deposition in Lexington, Kentucky [DE #24] is **GRANTED**.

2.   The deposition of defendant William Cleverdon, Jr., shall be taken at a time mutually convenient to all concerned in Ontario, Canada, where Cleverdon resides.

This _25th_ day of July, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE